**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 31, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JACQUELINE ANGELA STOKES,

    Plaintiff - Appellant,

v.

ROBERT HASTINGS; STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY,

    Defendants - Appellees.

No. 16-6292
(D.C. No. 5:15-CV-01316-R)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **MATHESON**, and **McHUGH**, Circuit Judges.
_____

Jacqueline Angela Stokes appeals the district court's order dismissing her

complaint with prejudice.[1]  Because she has not shown the district court erred, we

affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Stokes' notice of appeal identifies only the September 8, 2016, order
dismissing her complaint.

## I. Background

Stokes sued Robert Hastings for damages related to a traffic accident,[2] and the two quickly became involved in a discovery dispute. Stokes did not respond to Hastings' interrogatories, requests for production, and request for medical authorization. Instead, she moved for a protective order, claiming Hastings was harassing her with discovery requests. The district court denied the motion and told Stokes it was "incumbent on her to participate in the discovery process." R. at 89. It instructed Stokes she was "obligated to provide answers to the interrogatories and requests for production," and warned her that "continued failure to participate in discovery may lead to dismissal." R. at 89-90.

When Stokes still refused to participate in discovery, Hastings filed a motion to compel. The district court again ordered Stokes to respond to Hastings' discovery requests and warned her that "[f]ailure to respond in a timely and complete manner [would] result in dismissal . . . with prejudice without further notice" under Fed. R. Civ. P. 37. R. at 151 & n.5.

This prompted Stokes to answer Hastings' interrogatories, but she did not attend her scheduled deposition or submit to a medical examination. As a result, Hastings filed a motion to dismiss under Fed. R. Civ. P. 37(d). When Stokes failed

---

[2] Stokes also brought claims on behalf of her minor son and against Hastings' insurance company, State Farm. The district court dismissed these claims early in the litigation.

to timely respond, the district court deemed the motion confessed under W.D. Okla. Civ. R. 7.1(g) and dismissed Stokes' complaint with prejudice.[3]

## II. Discussion

Even under the liberal standard we apply to pro se pleadings, Stokes' opening brief is inadequate to preserve any issues for review. We construe her brief liberally and hold it to a less stringent standard than pleadings drafted by lawyers. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). And we ignore technical deficiencies so long as "we can reasonably read the pleadings to state a valid claim on which [she] could prevail." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (internal quotation marks omitted). But Stokes must "follow the same rules of procedure that govern other litigants" and we cannot serve as her attorney by "constructing arguments and searching the record." *Garrett*, 425 F.3d at 840 (internal quotation marks omitted).

Stokes' opening brief explains why she sued Hastings and asks us to quash his motion to dismiss. But it cites no legal authority or parts of the record supporting her request. *See* Fed. R. App. P. 28(a)(8)(A) ("[A]ppellant's brief must contain . . . citations to the authorities and parts of the record on which the appellant relies."); *see also Garrett*, 425 F.3d at 841 (Rule 28 applies equally to pro se litigants). And more importantly, Stokes' brief contains no real argument that the district court erred by

---

[3] W.D. Okla. Civ. R. 7.1(g) provides that "[e]ach party opposing a motion shall file a response within 21 days" and "[a]ny motion that is not opposed within 21 days may, in the discretion of the court, be deemed confessed." Stokes did not file a response until nearly a week after the district court's order of dismissal.

3

dismissing her complaint.  *See Champagne Metals v. Ken-Mac Metals, Inc.*, 458 F.3d 1073, 1092 (10th Cir. 2006) (declining to address an issue when appellant "ma[de] no real argument (other than conclusory statements that the district court erred) and cite[d] no legal authority in support of its position").  Because even the most liberal construction of Stokes' brief reveals no valid claim that the district court erred, she has forfeited any argument on the issue.  *See Bronson v. Swensen*, 500 F.3d 1099, 1105 (10th Cir. 2007) (issues inadequately briefed are forfeited).

### III. Conclusion

We affirm the district court's order dismissing Stokes' complaint.

Entered for the Court


Carolyn B. McHugh
Circuit Judge

4